**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA VARGAS,<br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br>Defendant. | 2:24-cv-00842-DSF-RAO<br><br>Order on Motions *in Limine* (Dkts. 47, 48, 49, 54, 55, 56) |

Plaintiff Patricia Vargas and Defendant Costco Wholesale Corporation have each filed three motions *in limine* in this slip-and-fall case.[1] [The Court held oral argument on the motions at the Pretrial Conference on March 18, 2026.] The Court rules on the parties' motions as follows.[2]

## I. Plaintiff's Motions *in Limine*

### A. Plaintiff's Motion *in Limine* No. 1 (Dkt. 47)

Vargas seeks to exclude Costco's expert, Weikuang Chao, because Costco failed to serve a copy of Chao's report, as required by Rule

---

[1] Costco's motions *in limine* indicate that there is a fourth motion. See, e.g., Dkt. 54 at 1 (titled "Defendant's MIL No. 1 of 4"). But Costco has filed only three motions.

[2] All rulings on motions *in limine* are tentative. The issues may be raised again during trial—outside the presence of the jury—if circumstances change.

26(a)(2)(B) of the Federal Rules of Civil Procedure. "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Key v. Qualcomm Inc., 129 F.4th 1129, 1143 (9th Cir. 2025) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)). "This sanction is 'self-executing' and 'automatic.'" Id. (quoting Yeti by Molly, 259 F.3d 1106).

Costco provides only one reason why its failure to provide a written report by Chao is harmless: "Mr. Chao was retained to offer rebuttal opinions to plaintiff's retained expert Eris J. Barillas . . . ." Dkt. 57 (Opp'n to Pl.'s MIL No. 1) at 2. But just because an expert is retained for rebuttal purposes does not excuse Costco from providing a report as required by Rule 26(a)(2). Rule 26 provides that rebuttal experts must submit their reports "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Moreover, Costco asserts that Chao intends to offer opinions related to "the issues of safety, the duty of care owed to patrons similar to plaintiff, and the opinions offered by Ms. Barillas, as set forth in Defendant's disclosure," which indicates that Chao will provide testimony beyond merely rebutting Barillas's opinions. Opp'n to Pl.'s MIL No. 1 at 2.[3]

Costco's other arguments focus on the harmlessness of Chao's expected testimony at trial but do not address whether *the failure to provide a report* "was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).[4]

---

[3] Costco's expert disclosures do not mention that Chao is to serve as a rebuttal witness. Dkt. 47-2 (Def.'s Expert Disclosures) at 3. Moreover, for the reasons stated below, the Court is excluding Barillas's opinions that Chao is supposed to be rebutting.

[4] Costco also claims, without support, that "Mr. Chao is allowed to *elaborate* on his safety opinions and the duty of care owed by Costco Wholesale

Because Costco has not provided an adequate explanation as to why its failure to provide a written report by Chao "was substantially justified or harmless," id., Vargas's first motion *in limine* is GRANTED.

**B. Plaintiff's Motion *in Limine* No. 2 (Dkt. 48)**

Vargas seeks to limit the testimony of Costco's medical expert, Dr. Thomas Grogan, M.D., to opinions provided in his written report. Vargas, however, has not identified any specific opinion Costco seeks to introduce by Dr. Grogan that is not contained in his report. In effect, Vargas simply makes a generic request for the Court to enforce Rules 26(a)(2)(B) and 37(c)(1) of the Federal Rules of Civil Procedure at trial.[5] This is an improper basis for a motion *in limine* and is therefore DENIED. See Dkt. 20 (Order re Jury Trial) at 5 ("Motions *in limine* should address specific issues (i.e., *not* 'to exclude all hearsay,' etc.).").

**C. Plaintiff's Motion *in Limine* No. 3 (Dkt. 49)**

Vargas seeks to preclude Costco and its witnesses "from offering any opinions, evidence, exhibits, writings, references, testimony, or argument related to whether Plaintiff was referred to any of her physicians by her counsel." Dkt. 49 (Pl.'s MIL No. 3) at 6. According to Vargas, "While most of Plaintiff's treatments were provided through insurance, a portion of Plaintiff's medical treatment was by healthcare providers referred to her by her counsel." Id. at 3.

First, Vargas argues that evidence regarding attorney-referred medical treatment is protected by attorney-client privilege. Id. at 3. The attorney-client privilege protects confidential communications

---

Corporation." Opp'n to Pl.'s MIL No. 1 at 3. Costco does not provide any basis permitting Chao to so testify.

[5] Rule 26(a)(2)(B) requires witnesses "retained or specially employed to provide expert testimony" to submit "a written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c)(1) prohibits parties from using evidence not disclosed under Rule 26(a), "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

between attorneys and their clients made for the purpose of giving legal advice. United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011). But Vargas does not explain how evidence "related to whether Plaintiff was referred to any of her physicians by her counsel" constitutes communications made for the purpose of giving legal advice. Pl.'s MIL No. 3 at 6.

Vargas also argues that such evidence is irrelevant, and that its probative value, if any, is substantially outweighed by the danger of unfair prejudice, namely, "to slander Plaintiff and her counsel." Id. at 5.[6] In the alternative, Vargas requests a Rule 403 hearing outside the presence of the jury. Id.

Costco asserts that "evidence of attorney referrals to lien-based physicians may be relevant to issues of credibility, bias, and financial incentives of lien-based providers and the reasonable value of medical services rendered." Dkt. 59 (Opp'n to Pl.'s MIL No. 3) at 2. The Court agrees that such evidence is relevant and that any prejudice resulting from its introduction does not substantially outweigh its probative value. See, e.g., Qaadir v. Figueroa, 67 Cal. App. 5th 790, 808 (2021) ("We agree the referral evidence was relevant to the question of the reasonable value of the lien-physicians' medical care because it may show bias or financial incentives on the part of the lien-physicians.").

Vargas's motion is DENIED. Before raising the issue, however, Costco must have a good faith basis to believe that Vargas's attorney referred her to a lien-based physician and will be required to provide the Court with an offer of proof before presenting it to the jury. Of

---

[6] Vargas also argues that evidence regarding attorney-referred medical treatment is protected by attorney-client privilege. The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of giving legal advice. United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011). But Vargas does not explain how communications concerning "impressions, conclusions, and opinions" regarding "which doctors she could see" are communications made for the purpose of giving legal advice. Pl.'s MIL No. 3 at 3.

course, Costco may not inquire into communications protected by the attorney-client privilege unless Vargas "opens the door" by introducing evidence of privileged communications.

## II. Defendant's Motions *in Limine*

### A. Defendant's Motion *in Limine* No. 1 (Dkt. 54)

Costco seeks to preclude Vargas's counsel from using the so-called "golden rule" and "reptile theory" arguments and tactics. Golden rule tactics "invite[] jurors to 'put themselves in the shoes of the plaintiff and do unto him as they would have him do unto them under similar circumstances.'" Ermini v. Scott, 937 F.3d 1329, 1340 (11th Cir. 2019) (quoting Ivy v. Sec. Barge Lines, Inc., 585 F.2d 732, 741 (5th Cir. 1978)); see also 9th Cir. Judges' Trial Manual Comm., Ninth Circuit Judges' Trial Manual (6th ed. 2025), app. IV at APP-29 [9th Cir. Trial Manual] ("A 'golden rule' argument is a suggestion to the jury that they should do unto others, such as make an award to the plaintiff, as they would have others do unto them if they were in the unfortunate position of the plaintiff."). With respect to the golden rule, Costco contends that it "is improper for counsel to make arguments or statements that ask jurors to put themselves in plaintiff's position in order to compute damages on the basis of how much they would accept to suffer similar injuries as those suffered by plaintiff." Dkt. 54 (Def.'s MIL No. 1) at 2.

The Court agrees that golden rule evidence, even if it were relevant, should be excluded under Rule 403 of the Federal Rules of Evidence.[7] This is because the golden rule "in effect asks each juror to become a personal partisan advocate for the injured party, rather than an unbiased and unprejudiced weigher of the evidence." Loth v. Truck-A-Way Corp., 60 Cal. App. 4th 757, 765 (1998) (quoting Neumann v.

[7] Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Bishop, 59 Cal. App. 3d 451, 484-85 (1976)); see also 9th Cir. Trial Manual, app. IV at APP-29 (explaining that the golden rule argument "is improper because it asks the jury to depart from a neutral stance and base their decision on personal interest" (citing Johnson v. Bell, 525 F.3d 466, 484 (6th Cir. 2008); Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir. 1988)); Johnson v. Howard, 24 F. App'x 480, 487 (6th Cir. 2001) ("Those circuits that have considered use of 'Golden Rule' arguments have 'universally condemned' them as improper because they invite decision based on bias and prejudice rather than consideration of facts.").

According to Costco, reptile theory tactics "appeal to the juror's survival instincts and sense of self-protection—i.e., those that emanate from their reptilian brains, in order to persuade and prevail at trial." Def.'s MIL No. 1 at 3. Under the reptile theory, "once triggered, the jurors' reptile brains will take over their higher-order thinking and compel them to reach a result that best protects the safety of their community, and not one that is necessarily a result that is based upon the evidence admitted at the time of trial." Id.

More specifically, Costco argues that the reptile theory improperly extends the logic of the golden rule in two ways. First, instead of asking jurors to put only themselves into the plaintiff's position, the reptile theory also appeals to jurors' interest in the safety of their community. Def.'s MIL No. 1 at 4. This application of the reptile theory is analogous to the golden rule because it "encourage[s] [jurors] to deliver a verdict that protects themselves and their community from harm" and is therefore "related to 'golden rule' arguments"; such application of the reptile theory is prohibited for the same reasons. 9th Cir. Trial Manual, app. IV at APP-29.

Second, Costco asserts that the reptile theory implicates not only damages but also the standard of care. Def.'s MIL No. 1 at 4-5. According to Costco, the reptile theory's application to the standard of care results in an "umbrella rule," in which "the defendant must always select the 'safest way'" to protect the community, regardless of expert testimony and the actual standard of care. Id. at 4. The Court agrees

that this application of the reptile theory impermissibly asks "jurors to base their decisions on concerns about their own safety and the safety of the community rather than the applicable standard of care." Allen v. Patel, 117 Cal. App. 5th 432, 451 (2025). Such argument is irrelevant under Rule 402 or has, at best, minimal relevance that is "substantially outweighed by a danger of . . . misleading the jury." Fed. R. Evid. 403.

Vargas contends that Costco's motion effectively seeks to foreclose "*entire themes of advocacy*" regarding "the conscience of the community." Dkt. 60 (Opp'n to Def.'s MIL No. 1) at 3. In support, Vargas quotes the Supreme Court's decision in Railroad Co. v. Stout, 84 U.S. 657 (1873). Id. But in that case, the Supreme Court was referring to the importance of a jury in its role as the fact finder, because it "is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge." Stout, 84 U.S. at 664. That juries serve as the conscience of the community in this way is uncontroversial. See, e.g., Hana Fin., Inc. v. Hana Bank, 574 U.S. 418, 422 (2015) ("[W]e have long recognized across a variety of doctrinal contexts that, when the relevant question is how an ordinary person or community would make an assessment, the jury is generally the decisionmaker that ought to provide the fact-intensive answer."). But that is categorically distinct from impermissibly asking the jury to substitute their personal interest in their own safety for the legal standard.

For the reasons stated above, the motion is GRANTED in part. Costco's request to exclude anything that might trigger jurors' "reptilian brains" is otherwise too vague and broad. On the other hand, the Court cannot anticipate all the statements that could be employed to impermissibly trigger the golden rule or the reptile theory; the Court will consider any further objections made on this topic on a case-by-case basis at trial.

## B. Defendant's Motion *in Limine* No. 2 (Dkt. 55)

Costco seeks to exclude the opinions of Vargas's forensic expert Eris J. Barillas under Rules 702 and 703 of the Federal Rules of Evidence. Rule 702 allows expert testimony if:

> the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 703 further provides, "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."

There is no "presumption of admission" for expert testimony, "as the proponent of expert testimony must always establish the admissibility requirements of Rule 702 by a preponderance of the evidence." Engilis v. Monsanto Co., 151 F.4th 1040, 1050 (9th Cir. 2025). And "district courts do not have discretion to abandon the gatekeeping function altogether, for Rule 702 clearly contemplates *some* degree of regulation of the subjects and theories about which an expert may testify." United States v. Ruvalcaba-Garcia, 923 F.3d 1183, 1189 (9th Cir. 2019) (per curiam) (citation modified).

Neither party has provided the Court with Barillas's qualifications. Consequently, the Court does not know what "scientific, technical, or other specialized knowledge" Barillas has and cannot determine whether any such knowledge would "help the trier of fact to understand the evidence or to determine a fact in issue" with respect to

any of the opinions she offers. Fed. R. Evid. 702.[8] Nor does the Court have sufficient information to perform the required reliability analysis. Because the burden rests on Vargas to show that Barillas's testimony qualifies as admissible expert testimony, this motion is GRANTED.[9]

### C. Defendant's Motion *in Limine* No. 3 (Dkt. 56)

Costco seeks to preclude Vargas's counsel from introducing "character evidence in the form of prior slip and fall accidents, evidence of prior acts and/or conduct on the part of Costco . . . , its agents and/or employees at the subject premises for no other purpose than to prove defendant's conduct." Dkt. 56 (Def.'s MIL No. 3) at 3.[10] Under Rule 404, "Evidence of any other crime, wrong, or act is not admissible to

---

[8] The Court has serious doubts that specialized knowledge would help jurors to determine facts addressed by Barillas's opinions, such as whether it is foreseeable that a customer "would not notice the unsafe condition of the cherry atop the smooth polished concrete floor . . . ." Def.'s MIL No. 2 at 2 (quoting Dkt. 55-1 (Report of Eriss Barillas) at 2).

[9] Costco submitted "Further Briefing" related to this second motion *in limine* to exclude Barillas's opinions after the deadline for filing motions in *limine*. Dkt. 67. The document appears to be a revised brief in support of its motion but also includes arguments responding to Vargas's opposition. Costco did not request leave to file the document. The Court strikes Costco's "Further Briefing" as improper and untimely. <u>See</u> Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). It is, in any event, moot because the Court is excluding Barillas's testimony.

[10] The title of Costco's motion refers to California Evidence Code §§ 1101, 352. Dkt. 56 at 1. But it is axiomatic that "whether evidence is admissible . . . is governed by federal law." <u>Primiano v. Cook</u>, 598 F.3d 558, 563 (9th Cir. 2010). And "[t]he Federal Rules of Evidence 'govern proceedings in the courts of the United States.'" <u>Id.</u> (quoting Fed. R. Evid. 101). Costco also cites and quotes an old version of Rule 608 of the Federal Rules of Evidence, but the correct rule prohibiting character evidence is Rule 404.

prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Vargas represents that the "purpose of introducing such evidence is largely pertinent to the testimony of Plaintiff's premises safety expert, Ms. Eris Barillas." Dkt. 61 (Opp'n to Def.'s MIL No. 3) at 2. According to Vargas, "Barillas has knowledge of Defendant'[s] prior incidents and, more importantly, the results of the testing conducted of the floors at those various properties," and Barillas intends to use that information "to show Defendant's notice of the condition of the smooth polished concrete on its sales floor prior to the incident." Id. at 3.

To the extent Vargas argues that Barillas seeks to rely on Costco's prior acts or conduct in her testimony at trial, Vargas's argument is moot because the Court has granted Costco's motion to exclude Barillas's testimony. The motion is GRANTED in part. Before Vargas introduces evidence of prior slip and falls for the purposes permitted under Rule 404(b)(2), however, Vargas will be required to provide the Court with a detailed offer of proof. Vargas is ordered to submit any such evidence to the Court no later than one week before trial commences, so that the Court will have sufficient time to determine whether the alleged incident is sufficiently similar, etc. Any objections or argument by Costco must be submitted no later than the Monday before trial.

IT IS SO ORDERED.

Date: March 19, 2026

Dale S. Fischer

Dale S. Fischer
United States District Judge